**DYKEMA GOSSETT LLP**
BRIAN H. NEWMAN, State Bar No. 205373
 BNewman@dykema.com
ROBERT A. HYATT, State Bar No. 166178
 RHyatt@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants,
FIRST-CITIZENS BANK & TRUST CO.,
SVB INVESTMENT SERVICES, INC., and
SVB WEALTH, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY JANE LEUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, SILICON VALLEY BANK, SVB INVESTMENT SERVICES, INC., SVB WEALTH, LLC, FIRST-CITIZENS BANK & TRUST CO., GREG BECKER, JOHN LONGLEY,<br><br>　　　　Defendants. | Case No. 5:24-cv-00337-VKD<br><br>**DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hon. Beth Labson Freeman<br><br>Hearing Date:　July 11, 2024<br>Time:　　　　9:00 a.m.<br>Courtroom:　　3 |

## MEMORANDUM OF POINTS AND AUTHORITIES

In her Opposition to the Motion to Dismiss, Plaintiff does not dispute:

(i) that all of the alleged wrongful conduct at issue in the Complaint occurred *before* First-Citizens Bank ("FCB") acquired the assets of Silicon Valley Bridge Bank ("SVBB") from the FDIC;

(ii) that the Transfer Agreement, pursuant to which the FDIC transferred the assets of Silicon Valley Bank ("SVB") to SVBB, provides that the FDIC would retain all liabilities of SVB, except as expressly set forth in the agreement;

(iii) that the Purchase Agreement, pursuant to which FCB acquired the assets of SVBB, provides that FCB was not assuming any litigation brought against SVB, except as expressly set forth in the agreement;

(iv) that neither the Transfer Agreement nor the Purchase Agreement identify Plaintiff's claims as among the liabilities being transferred to FCB; and

(v) that courts throughout the country have routinely enforced similar limitations on liability where, as here, the FDIC is selling the assets of a failed bank to a new institution.

Instead, Plaintiff makes two arguments for why the Court should allow her claims to proceed against FCB, and its two wholly owned subsidiaries SVB Investment Services, Inc. and SVB Wealth, LLC (collectively, "Defendants"), based on a false and unsupportable reading of the Purchase Agreement and the law regarding successor liability. As set forth below, both of Plaintiff's arguments must be rejected, and the Complaint should be dismissed as against Defendants, with prejudice.

I.  **"Failed Bank Records" Do not Include Plaintiff's Claims Against Defendants.**

Plaintiff's lead argument is that Defendants are liable for Plaintiff's employment claims because Section 2.1(i) of the Purchase Agreement – which identifies the specific liabilities being assumed by FCB – includes a reference to "Failed Bank Records," a term which is defined in the Purchase Agreement as having the meaning set forth in 12 CFR § 360.11(a)(3). Opposition at pp. 1-3. Because Section 360.11(a)(3)(i) contains a reference to "employee and employee benefits information," Plaintiff concludes, it must have been the intention of the FDIC to pass along *all* employment-related claims against SVB to FCB. This argument strains credibility for at least two

reasons.

First, Plaintiff's interpretation of Section 360.11 is entirely inconsistent with the other terms of both the Transfer Agreement and the Purchase Agreement.  In particular, Section 2.02 of the Transfer Agreement provides that the FDIC "retains, and the Bridge Bank has no interest in or liability for…(i) any (A) Claims or Litigation related to (1) the Retained Assets or any other asset, liability or obligation not assumed by the Bridge Bank pursuant to this Agreement. . . and (B) Litigation to the extent that either the Receiver or the Failed Bank is a defendant or defending a claim or counter-claim."  Request for Judicial Notice, at Exh. 1, Section 2.02(b).  Since the FDIC retained the SVB liabilities related to litigation, none of these liabilities (including Plaintiff's claims) were transferred to SVBB.  Further bolstering this limitation on liability, the Purchase Agreement (which transferred certain assets from SVBB to FCB) clearly states in Section 2.2 that FCB "**shall not** assume any claims, debts, obligations or liabilities (whether known or unknown, contingent or unasserted, matured or unmatured), however they may be characterized…" of SVBB.  RJN, at Exh. 2, Section 2.2 (emphasis).

The parties' intention in both the Transfer Agreement and Purchase Agreement could hardly have been more clear:  if there was a lawsuit or potential lawsuit against SVB, based on conduct which occurred **prior to** FCB buying the assets of SVBB from the FDIC, these claims could not be brought against FCB.  In fact, this limitation on liability clause is standard practice for the FDIC when it sells the assets of a failed bank out of receivership, and it has been routinely upheld in courts throughout the country.  *See e.g., Mobine v. OneWest Bank*, FSB, 2012 U.S. Dist. LEXIS 8343 (S.D. Cal. 2012) (granting motion to dismiss with prejudice, and finding that "Courts have uniformly held that absent an express transfer of liability, no liability is transferred from a failed bank to an assuming bank."); *Gonzalez v. Fid. Capital Funding, Inc.*, 2010 U.S. Dist. LEXIS 3559, at *2 (N.D. Cal. 2010) (dismissing JPMorgan Chase and holding that the applicable purchase and assumption agreement "reflects that JP Morgan never assumed the legal liabilities owed to borrowers by Washington Mutual"); *Shirk v. JPMorgan Chase Bank, N.A. (In re Shirk)*, 437 B.R. 592, 600 (S.D. Ohio 2010) ("The FDIC has the power to sell an asset . . . while retaining a related liability, and no liability is transferred to an assuming institution . . . absent an express transfer.").  Indeed, if

Plaintiff's interpretation of Section 360.11 were validated, it would be very difficult (if not impossible) for the FDIC to ever sell the assets of a failed bank, because any buyer of these assets would be on the hook for a nearly limitless number of potential employment claims from disgruntled employees of the failed bank.

Second, Plaintiff has cited no case, legislative history, commentary, or even law review article which has ever interpreted the reference to "employee and employee benefits information" in Section 360.11 to include employment litigation relating to the conduct of the failed bank. Counsel for Defendants performed a LEXIS search, and also found no authority to support Plaintiff's interpretation. Barring any precedent for this argument, Plaintiff's self-serving interpretation of Section 360.11 must be rejected. Indeed, if it was the intent of Congress for an institution acquiring the assets of a failed bank from the FDIC to also be saddled with *all* of the employment related liabilities of the failed bank, Congress would have expressly stated as much. In fact, Congress had the exact opposite intention in enacting the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811, *et seq.* ("FIRREA"), because FIRREA (among other things) specifically empowers the FDIC to "transfer any asset or liability of the institution in default. . . without any approval, assignment, or consent with respect to such transfer." 12 U.S.C. § 1821(d)(2)(G)(i)(I).

While no published case (that Defendants are aware of) has discussed the interpretation of the term "employee and employee benefits" in Section 360.11, courts have specifically rejected plaintiffs' attempts to circumvent the limitation on liability clause in FDIC failed-bank asset sales by arguing that the claims at issue in the lawsuit are part of the failed bank's "books and records." For example, *In re Wash. Mut. Mortg. Backed Secs. Litig.*, 2011 U.S. Dist. LEXIS 99452 (W.D. Wash. 2011), plaintiffs attempted to assert various claims against JPMorgan Chase, which had acquired assets of the failed Washington Mutual Bank ("WaMu") from the FDIC. Among other arguments, plaintiffs asserted that Chase had assumed liability for these claims, because the lawsuit was part of the "books and records" of WaMu. The court disagreed, and denied plaintiffs' motion to amend their complaint:

> Plaintiffs lastly argue that there is a genuine dispute about whether

3

DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

the Securities Act claims they assert were on the "Books and Records" of WMB at the time JPMC made its purchase from FDIC of WMB's assets and liabilities. They have failed to advance a legal theory to support this assertion and it is highly attenuated. That a lawsuit was filed does not mean it became a liability on the "Books and Records." Plaintiffs cite to no authority to support this factual assertion. Contrary to Plaintiffs' position, JPMC has cited to a number of cases where courts have rejected Plaintiffs' argument that JPMC assumed liability for acts or omission of WaMu or its agents. *Id*. at *11-12.

The same conclusion applies here. In fact, it is undisputed that Plaintiff's lawsuit was *not* part of SVBB's "books and records" when FCB acquired SVBB's assets from the FDIC in March 2023, because the lawsuit was not even filed until January 2024. Likewise, Plaintiff's administrative claims were filed months *after* FCB's acquisition of the SVBB's assets, and thus could not have been part of SVBB's "books and records" in March 2023. *See* Complaint at ¶ 49 ("On May 26, 2023, and July 7, 2023, Leung filed her claims, including her Sarbanes-Oxley claim, with the FDIC") and ¶ 50 ("On August 11, 2023, Leung also filed a retaliation complaint with the U.S. Department of Labor").

Accordingly, Plaintiff's argument that the Purchase Agreement transferred liability for SVB's employment related litigation to FCB must be rejected.

## II. The Normal Rules of Successor Liability Do Not Apply in This Case.

The remainder of Plaintiff's Opposition consists of a recitation of successor liability law, followed by the conclusion that Defendants must be liable for Plaintiff's claims against SVB because Defendants are, allegedly, the "successors in interest" to SVB. Opposition at pp. 5-11. But Plaintiff's argument blatantly ignores the key fact at issue in this motion: namely, that FCB did not acquire SVB's assets in a garden variety merger and acquisition transaction but, rather, in a purchase of certain assets from the FDIC pursuant to FIRREA, which included an express limitation on which liabilities were being transferred to FCB.

Plaintiff cites more than a dozen cases to demonstrate that successor liability applies in the

4

DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS

context of employment law – for example, if Company A buys Company B, a former employee of Company B has standing to assert her employment claims against Company A. But *not a single one* of the cases cited by Plaintiff addresses a transaction even remotely similar to the one at issue here, where (i) SVB was put into a receivership with the FDIC; (ii) the FDIC transferred the assets of SVB into SVBB, and expressly agreed in the Transfer Agreement that "any Claims or Litigation" against SVB would remain the responsibility of the FDIC; and (iii) the FDIC subsequently transferred the assets of SVBB to FCB, and expressly agreed in the Purchase Agreement that FCB "shall not assume any claims, debts, obligations or liabilities…" of SVBB. Defendants are aware of no court which has ever held that the acquiring bank is a "successor in interest" to the failed bank under these circumstances for the purpose of employment litigation, and such a holding would run directly contrary to the FDIC's mission to quickly find a buyer for the failed bank's assets. *See e.g., Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1109 (11th Cir. 1990) ("Undoubtedly very few, if any, banks would enter into purchase and assumption agreements with a federal receiver if the successor banks had to assume the latent claims of unknown magnitude....").

The argument that an acquiring bank is liable for claims brought by the failed bank's employees under a "successor in interest" theory was squarely rejected in *Holman v. Downey S&L Ass'n*, 2010 U.S. Dist. LEXIS 154539 (C.D. Cal. 2010). In *Holman*, plaintiff asserted wage and hour violations against Downey Savings and Loan, a failed bank which was put into receivership with the FDIC in 2008. Plaintiffs subsequently moved to amend their complaint to add a claim that US Bank (the purchaser of Downey's assets) was liable for the employment claims, because US Bank was, allegedly, Downey's successor in interest. The Court disagreed:

> Plaintiffs fail to identify any other section of the Purchase Agreement that suggests that U.S. Bank assumed Plaintiffs' wage and hour litigation liability. Rather, Plaintiffs contend that pursuant to common law successor liability doctrine, a purchaser of assets may be responsible for the seller's liabilities even where the purchaser never expressly assumed such liabilities. The Court disagrees. Although the situation has not been addressed by the Ninth Circuit in the FIRREA

5

context, the Court finds the Seventh Circuit's reasoning in *Payne v. Security Savings & Loan Assoc.*, 924 F.2d 109 (7th Cir. 1991), to be persuasive. There, the plaintiff requested that a failed bank's successor be substituted as the defendant in the plaintiff's age discrimination lawsuit under the Age Discrimination in Employment Act ("ADEA"). The issue before the court was whether in selling its assets to the failed bank's successor, the Receiver also passed along the ADEA liability. The court held that absent an express transfer of liability by the Receiver, and an express assumption of the liability by the failed bank's successor, FIRREA directs that the Receiver is the proper successor to the liability, not the failed bank's successor.

Here, Plaintiffs' wage and hour litigation liability was neither expressly transferred by FDIC as Receiver, nor expressly assumed by U.S. Bank. Instead, the terms of the Purchase Agreement provide specifically that all defensive litigation liabilities not covered by any loss share agreement were retained by the Receiver. Therefore, the Court finds that amendment of the complaint to add a successor liability cause of action and to join the Assuming Banks as successors-in-interest pursuant to Rule 25(c) of the Federal Rules of Civil Procedure would be futile.

*Id.* at *32-33. The same conclusion must be reached in this case. As there is nothing in the record to suggest that Defendants voluntarily assumed employment claims brought against SVB, and both the Transfer Agreement and the Purchase Agreement specifically provide that Defendants **did not** assume these liabilities, there is no legal basis whatsoever to allow Plaintiff's claims against Defendants to proceed on a successor liability theory.

Notably, Plaintiff is not without a remedy here. Plaintiff is permitted to sue the FDIC for her employment-related claims against SVB – and, indeed, Plaintiff filed an administrative claim

6

DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS

with the FDIC, and has now named it as a defendant in this matter.  *See e.g., Caires v. JP Morgan Chase Bank*, 2010 U.S. Dist. LEXIS 103542, at *20-21(D. Conn. 2010) (granting a motion to dismiss in favor of Chase and holding that the "Court should look to the purchase and assumption agreement governing the transfer of assets between the FDIC and a subsequent purchaser of assets of a failed bank to determine which assets and corresponding liabilities are being assumed. Absent a transfer of liability by the FDIC and assumption of liability by a subsequent purchaser, such as Chase, the liability remains with the FDIC and subject to the claim exhaustion procedures.").

Accordingly, Plaintiff may litigate against the FDIC, but has no basis to sue Defendants for these claims.

### III. The Court May Properly Take Judicial Notice of Both the Purchase Agreement and the Transfer Agreement.

Finally, Plaintiff argues that the Court should not take judicial notice of the Purchase Agreement and the Transfer Agreement because, in Plaintiff's opinion, these are not the types of public records that are subject to judicial notice.  Opposition at pp. 3-4.[1]

Even putting aside the fact that both the Purchase Agreement and the Transfer Agreement are specifically pled in the Complaint (at paragraphs 40 and 42), both documents are readily available on the FDIC's website: https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/silicon-valley-p-and-a.pdf and https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/silicon-valley-transfer-agreement.pdf.  Plaintiff takes issue with the fact that certain schedules of the Transfer Agreement have been redacted – but Defendants have not relied on these schedules in connection with the instant motion to dismiss, and there is no indication whatsoever that the redacted schedules are relevant to the analysis of any of the issues now before the Court.  Importantly, Plaintiff does not dispute that the relevant sections of the agreements which limit the transfer of liabilities – Section 2.1 and 2.2 of the Purchase Agreement, and Section 2.02 of the Transfer Agreement – are all clearly visible on the public version of these documents.  Moreover,

---

[1] Plaintiff also argues that the Court may "take judicial notice of undisputed facts – such as the fact that FCB purchased SVB from the FDIC."  Opposition at p. 5.  This statement is inaccurate.  In fact, as set forth Purchase Agreement, FCB purchased certain assets of SVBB (the bridge bank) from the FDIC.  FCB was not a party to the Transfer Agreement.

7

DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Plaintiff's do not dispute that courts have already taken judicial notice of these exact documents in other litigation. *See e.g., First-Citizens Bank & Trust Co. v. HSBC Holdings PLC*, 2024 U.S. Dist. LEXIS 5668, at *7 and fn. 22 (N.D. Cal. 2024).

Accordingly, judicial notice of the both the Purchase Agreement and Transfer Agreement is proper.

### IV. Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion and dismiss the Complaint, as against Defendants, with prejudice.

DATED:  March 22, 2024

Respectfully submitted,

DYKEMA GOSSETT LLP

By: _____
BRIAN H. NEWMAN
ROBERT HYATT
Attorneys for Defendants,
FIRST-CITIZENS BANK & TRUST CO.,
SVB INVESTMENT SERVICES, INC., and SVB WEALTH, LLC

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

8
DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**
*Shirley Jane Leung v. First-Citizens Bank & Trust Co., et al*
*5:24-cv-00337-VKD*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On March 22, 2024, I served true copies of the following document(s) described as **DEFENDANTS FIRST-CITIZENS BANK & TRUST CO., SVB INVESTMENT SERVICES, INC., AND SVB WEALTH, LLC,'S REPLY IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2024, at Los Angeles, California.

Brancy Chude

**SERVICE LIST**
**Shirley Jane Leung v. First-Citizens Bank & Trust Co., et al**
**5:24-cv-00337-VKD**

| | |
|---|---|
| Jane Kim, Esq.<br>Richard E. Condit, Esq.<br>Ellen Eardley, Esq.<br>Cleveland Lawrence III, Esq.<br>Mehri & Skalet PLLC<br>2000 K. Street, NW Suite 325<br>Washington, DC 20006<br>Tel: (202) 822-5100<br>Email: jkim@findjustice.com<br>    rcondit@findjustice.com<br>    eeardley@findjustice.com<br>    clawrence@findjustice.com | **Attorneys for Plaintiff, Jane Leung** |
| Laura L. Ho, Esq.<br>Goldstein, Borgen, Dardarian & Ho<br>155 Grand Avenue, Suite 900<br>Oakland, CA 94612<br>Tel: (510) 763-9800<br>Email: lho@gbdhlegal.com | |
| Seth A. Weisburst, Esq.<br>Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Email: sweisburst@grsm.com | **Attorneys for Defendant, Greg Becker** |