1  **THE WAGNER LAW GROUP, P.C.**
   STEPHEN P. WILKES (SBN 268637)
2  315 Montgomery Street, Suite 900
   San Francisco, CA 94104
3  Phone: 415-625-0002
4  Fax: 415-358-8300
   Email: swilkes@wagnerlawgroup.com
5
   *[Remaining Counsel on the Following Page]*
6
7  **Attorneys for Defendant Federal Deposit Insurance
   Corporation as Receiver for Silicon Valley Bank**
8

9                     UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12  | SHIRLEY JANE LEUNG, | |
    |---|---|
    | Plaintiffs, | Case No: 5:24-cv-00337-BLF |
    | vs. | **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Silicon Valley Bank** |
    | FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank, SILICON VALLEY BANK, SVB INVESTMENT SERVICES, INC., SVB WEALTH, LLC, FIRST-CITIZENS BANK & TRUST CO., GREG BECKER, JOHN LONGLEY, | |
    | Defendant. | |

JORDAN D. MAMORSKY (*pro hac vice* forthcoming)
JOHANNA L. MATLOFF (*pro hac vice* forthcoming)
125 High Street
Oliver Street Tower, 5th Floor
Boston, MA 02110
Phone: 617-357-5200
Fax: 617-357-5250
Email: jmamorsky@wagnerlawgroup.com
Email: jmatloff@wagnerlawgroup.com

LINDA J. BERBERIAN (SBN 134344)
FDIC Legal Division, Dallas Regional Office
600 N. Pearl Street, Suite 700
Dallas, TX 75201
Phone:  972-761-8295
Fax:   972-761-8181
Email:  lberberian@fdic.gov

**Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank**

Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank ("Defendant"), erroneously sued as FEDERAL DEPOSIT INSURANCE CORPORATION and as SILICON VALEY BANK answers the Complaint ("Complaint") filed by Plaintiff SHIRLEY JANE LEUNG ("Plaintiff") as follows:

**INTRODUCTION**

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every one of them.

2. Answering paragraph 2 of Plaintiff's Complaint, Defendant denies the allegations that Plaintiff was laid off on February 16, 2023 without notice or warning, that Defendant "did not act to meaningfully address her concerns," and that "Leung's layoff was in retaliation for her protected activities." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every one of them.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations.

**JURISDICTION, VENUE AND DIVISIONAL ASSIGNMENT**

4. Answering paragraph 4 of Plaintiff's Complaint, Defendant admits jurisdiction is proper under 12 U.S.C. 12 U.S.C. § 1819(b)(2)(A) and § 1821(d)(6)(A)(ii), (d)(13)(D), and that Plaintiff has exhausted her administrative remedies thereunder.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

6. Answering paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every one of them.

7. Answering paragraph 7 of Plaintiff's Complaint, Defendant admits venue is proper under 12 U.S.C. § 1821(d)(6)(A)(ii), (d)(13)(D), 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. §1391(b)(1) & (2).

8. Answering paragraph 8 of Plaintiff's Complaint, Defendant admits the allegations.

1

**PARTIES**

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

10. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that it is an independent agency created by Congress and that it is the receiver for Silicon Valley Bank ("SVB Bank") and Silicon Valley Bridge Bank. Except as so expressly admitted, Defendant denies each and every allegation in this paragraph.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant admits that Silicon Valley Bank was a commercial depository bank headquartered in Santa Clara, California, was a wholly-owned subsidiary of SVB Financial Group, a publicly traded company, that SVB Private was a division of Silicon Valley Bank ("SVB Bank") and that SVB Investment Services, Inc. and SVB Wealth, LLC were purchased by First Citizens Bank & Trust Company ("FCB"). Defendant denies SVB Private controlled SVB Investment Services, Inc. or SVB Wealth, LLC, and that SVB Bank was purchased by First-Citizens Bank & Trust Company. Except as so expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant denies SVB Investment Services was a division of SVB Bank. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations contained in said paragraph.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits that FCB is a North Carolina state chartered financial institution and that FCB purchased certain assets and liabilities from the FDIC as Receiver for Silicon Valley Bridge Bank. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

15.     Answering paragraph 15 of Plaintiff's Complaint, Defendant admits that Defendant Greg Becker was the Chief Executive Officer of both SVB Bank and SVB Financial Group. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegation contained in said paragraph, and on that basis denies that allegation.

16.     Answering paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

## FACTUAL ALLEGATIONS

17.     Answering paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

18.     Answering paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

19.     Answering paragraph 19 of Plaintiff's Complaint, Defendant admits that in October of 2022 Anthony DeChellis left Silicon Valley Bank and that John Longley was hired on an interim basis. Except as expressly so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

20.     Answering paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

21.     Answering paragraph 21 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

22.     Answering paragraph 22 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

31. Answering paragraph 31 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendant denies that Plaintiff's

layoff occurred on February 16, 2023.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendant denies the allegations contained in said paragraph.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendant denies Plaintiff was terminated or that her layoff violated SVB Bank's Code of Conduct or state and federal laws. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant admits that Plaintiff's employment was terminated but denies that the reason for her termination was to hide or cover up anything.  Defendant denies the remaining allegations contained in said paragraph.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendant admits that on or about February 17, 2023 Plaintiff was presented with a Confidential Separation Agreement and Release ("Separation Agreement") that, conditioned on Plaintiff's signing and not thereafter revoking the Separation Agreement, provided her with enhanced separation benefits but Plaintiff did not execute the Separation Agreement.  Defendant admits paragraph 6 of the Separation Agreement contains general release provisions and paragraph 10 states "For any employee benefits sponsored by SVB Bank not specifically referenced in this Agreement, Employee will be treated as a terminated employee effective on her Separation Date." Except as expressly so admitted, Defendant denies the allegations contained in said paragraph.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendant admits that on March 10, 2023, SVB Bank was closed by its primary regulator and the FDIC was appointed receiver of the rights and assets of the failed institution formerly known as Silicon Valley Bank. Defendant admits that certain assets and liabilities of the SVB Receivership were transferred to Silicon Valley Bridge Bank and that the Receiver for Silicon Valley Bridge Bank thereafter sold certain assets and liabilities of that second receivership to FCB. Except as expressly so admitted, Defendant denies the allegations contained in said paragraph.

40. Answering paragraph 40 of Plaintiff's Complaint, Defendant admits that a majority of the assets of Silicon Valley Bank were transferred to Silicon Valley Bridge Bank, NA, and that a Transfer Agreement was executed between FDIC, Receiver of Silicon Valley Bank and Silicon Valley Bridge Bank, NA, which speaks for itself and pursuant to which the FDIC Receiver for SVB Bank retained liabilities contained in several provisions, including, but not limited to, Sections 1.02, 2.02, 2.03, 2.06 and 2.07. Except as expressly so admitted, Defendant denies the allegations contained in said paragraph.

41. Answering paragraph 41 of Plaintiff's Complaint, Defendant admits that Plaintiff never executed the Separation Agreement presented to her, which was required in order to receive the extra benefits offered thereunder. Except as expressly so admitted, Defendant denies the allegations contained in said paragraph.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendant admits that on March 27, 2023, the FDIC as Receiver for Silicon Valley Bridge Bank entered into a Purchase and Assumption Agreement with First-Citizens Bank & Trust Company ("FRB") pursuant to which FCB acquired certain assets and liabilities as well as SVB Investments, Inc. and SVB Wealth, LLC, two former subsidiaries of SVB Bank that by operation of law were transferred to the FDIC as Receiver for SVB Bank who subsequently transferred those subsidiaries to Silicon Valley Bridge Bank pursuant to a Transfer Agreement that later became part of the Silicon Valley Bridge Bank Receivership. Except as expressly so admitted, Defendant denies the allegations contained in said paragraph.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies FCB acquired ownership of, or expressly assumed liability for, all records of the FDIC as Receiver for Silicon Valley

Bridge Bank or employment records for two groups of former SVB Bank employees, including this Plaintiff's employment records. Except as otherwise admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

44. Answering paragraph 44 of Plaintiff's Complaint, Defendant admits that it is the receiver for SVB and Silicon Valley Bridge Bank. Except as so expressly admitted, Defendant denies each and every allegation in this paragraph.

45. Answering paragraph 45 of Plaintiff's Complaint, Defendant admits FCB purchased certain assets and liabilities from the FDIC as Receiver for Silicon Valley Bridge Bank. Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

46. Answering paragraph 46 of Plaintiff's Complaint, Defendant admits that all employees of SVB Bank were terminated by operation of law on March 10, 2023, when SVB Bank was closed and ceased all operations. Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

47. Answering paragraph 47 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendant admits that on May 26, 2023, Plaintiff, through her counsel submitted a settlement offer to the FDIC as Receivers for SVB Bank and for Silicon Valley Bridge Bank and that, on July 8, 2023, Plaintiff submitted a claim on an FDIC-R approved claim form to the FDIC as Receiver for SVB Bank. Defendant further admits that the FDIC as Receiver for SVB Bank mailed to Plaintiff's counsel a Notice of Disallowance of Claim

and that Plaintiff exhausted the administrative claims procedures for the SVB Bank Receivership. Except as expressly admitted, Defendant denies each and every remaining allegation contained in said paragraph.

50. Answering paragraph 50 of Plaintiff's Complaint, Defendant admits that on August 11, 2023, Plaintiff filed a whistleblower Complaint under 18 U.S.C. § 1514A with the U.S. Department of Labor, OSHA Region 9 that speaks for itself. Except as expressly admitted herein, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every one of them.

51. Answering paragraph 51 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

52. Answering paragraph 52 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every one of them.

## COUNT 1

**[RETALIATION IN VIOLATION OF THE SARBANES-OXLEY ACT, 18 U.S.C. § 1514A]**

53. Answering paragraph 53 of Plaintiff's Complaint, which incorporates the allegations of all preceding paragraphs of Plaintiff's Complaint, Defendant hereby incorporates its answers to those paragraphs as set forth above.

54. Answering paragraph 54 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

55. Answering paragraph 55 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56. Answering paragraph 56 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

57. Answering paragraph 57 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

58. Answering paragraph 58 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

59. Answering paragraph 59 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any amount.

60. Answering paragraph 60 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## COUNT 2

### [RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5(b)]

61. Answering paragraph 61 of Plaintiff's Complaint, which incorporates the allegations of all preceding paragraphs of Plaintiff's Complaint, Defendant hereby incorporates its answers to those paragraphs as set forth above.

62. Answering paragraph 62 of Plaintiff's Complaint, Defendant admits that SVB Bank was Plaintiff's employer. Except as expressly admitted, Defendant denies each and every allegation contained in said paragraph.

63. Answering paragraph 63 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

64. Answering paragraph 64 of Plaintiff's Complaint, Defendant admits that SVB Bank authorized an investigation of Plaintiff's complaints. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

65. Answering paragraph 65 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

66. Answering paragraph 66 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

67. Answering paragraph 67 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any amount.

68. Answering paragraph 68 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## COUNT 3

### [TERMINATION IN VIOLATION OF PUBLIC POLICY]

69. Answering paragraph 69 of Plaintiff's Complaint, which incorporates the allegations of all preceding paragraphs of Plaintiff's Complaint, Defendant hereby incorporates its answers to those paragraphs as set forth above.

70. Answering paragraph 70 of Plaintiff's Complaint, Defendant admits that SVB Bank was Plaintiff's employer. Except as expressly admitted, Defendant denies each and every allegation contained in said paragraph.

71. Answering paragraph 71 of Plaintiff's Complaint, Defendant admits that Plaintiff's employment was terminated by operation of law on March 10, 2023. Except as expressly admitted, Defendant denies each and every allegation contained in said paragraph.

72. Answering paragraph 72 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

73. Answering paragraph 73 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any amount.

74. Answering paragraph 74 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## COUNT 4

### [RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 232.5]

75. Answering paragraph 75 of Plaintiff's Complaint, which incorporates the allegations of all preceding paragraphs of Plaintiff's Complaint, Defendant hereby incorporates its answers to

those paragraphs as set forth above.

76. Answering paragraph 76 of Plaintiff's Complaint, Defendant admits that SVB Bank was Plaintiff's employer. Except as expressly admitted, Defendant denies the allegations contained in said paragraph.

77. Answering paragraph 77 of Plaintiff's Complaint, Defendant admits that Plaintiff's employment was terminated by operation of law on March 10, 2023. Except as expressly admitted, Defendant denies each and every allegation contained in said paragraph.

78. Answering paragraph 78 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

79. Answering paragraph 79 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

80. Answering paragraph 80 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any amount.

81. Answering paragraph 81 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## COUNT 5

**[INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS]**

82. Answering paragraph 82 of Plaintiff's Complaint, which incorporates the allegations of all preceding paragraphs of Plaintiff's Complaint, Defendant hereby incorporates its answers to those paragraphs as set forth above.

83. Answering paragraph 83 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

84. Answering paragraph 84 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

11

paragraph, and on that basis denies each and every allegation contained therein.

85. Answering paragraph 85 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

86. Answering paragraph 86 of Plaintiff's Complaint, Defendant admits that Plaintiff was notified that she would be laid off on March 17, 2023, but her employment was terminated prior to that date on March 10, 2023, by operation of law and that after the commencement of the SVB Bank receivership, the FDIC as Receiver for SVB Bank did not hire any former SVB employee to work for that receivership.  Except as expressly admitted, denies each and every allegation contained therein.

87. Answering paragraph 87 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

88. As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

89. As a second, separate affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

### THIRD AFFIRMATIVE DEFENSE

90. As a third, separate affirmative defense, Defendant asserts, on information and belief, that the alleged damages sustained by Plaintiff were caused by persons, entities or organizations other than Defendant, including Plaintiff herself, and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

### FOURTH AFFIRMATIVE DEFENSE

91. As a fourth, separate affirmative defense, Defendant asserts, on information and belief, that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

92. As a fifth, separate affirmative defense, Defendant asserts, on information and belief, that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

### SIXTH AFFIRMATIVE DEFENSE

93. As an sixth, separate affirmative defense, Defendant asserts, on information and belief, that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver, estoppel, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

94. As a seventh, separate affirmative defense, Defendant asserts that Plaintiff may not recover prejudgment interest against Defendant pursuant to the doctrine of sovereign immunity. *Battista v. FDIC*, 195 F.3d 1113, 1120-21 (9th Cir. 1999).

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by the Complaint;

2. The Complaint be dismissed with prejudice;

3. Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4. The Court grant such other further relief as it may deem appropriate.

DATED: May 6, 2024

*/s/ Stephen P. Wilkes*
STEPHEN P. WILKES (SBN 268637)
**THE WAGNER LAW GROUP, P.C.**
315 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone: 415-625-0002
Fax: 415-358-8300
Email: swilkes@wagnerlawgroup.com

JORDAN D. MAMORSKY (*pro hac vice* forthcoming)
JOHANNA L. MATLOFF (*pro hac vice* forthcoming)
125 High Street
Oliver Street Tower, 5th Floor
Boston, MA 02110
Phone: 617-357-5200
Fax: 617-357-5250
Email: jmamorsky@wagnerlawgroup.com
Email: jmatloff@wagnerlawgroup.com

LINDA J. BERBERIAN (SBN 134344)
**FDIC Legal Division, Dallas Regional Office**
600 N. Pearl Street, Suite 700
Dallas, TX 75201
Phone:  972-761-8295
Fax:   972-761-8181
Email:  lberberian@fdic.gov

*Attorneys For Defendant*
Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank