**THE WAGNER LAW GROUP, P.C.**
STEPHEN P. WILKES (SBN 268637)
315 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone: 415-625-0002
Fax: 415-358-8300
Email: swilkes@wagnerlawgroup.com

*[Remaining Counsel on the Following Page]*

**Attorneys For Defendant Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

SHIRLEY JANE LEUNG,

        Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank, SILICON VALLEY BANK, SVB INVESTMENT SERVICES, INC., SVB WEALTH, LLC, FIRST-CITIZENS BANK & TRUST CO., GREG BECKER, JOHN LONGLEY,

        Defendants.

Case No: 5:24-cv-00337-BLF

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

JORDAN D. MAMORSKY (*pro hac vice*)
JOHANNA L. MATLOFF (*pro hac vice* )
125 High Street
Oliver Street Tower, 5th Floor
Boston, MA 02110
Phone: 617-357-5200
Fax: 617-357-5250
Email: jmamorsky@wagnerlawgroup.com
Email: jmatloff@wagnerlawgroup.com

LINDA J. BERBERIAN (SBN 134344)
FDIC Legal Division, Dallas Regional Office
600 N. Pearl Street, Suite 700
Dallas, TX 75201
Phone: 972-761-8295
Fax:  972-761-8181
Email: lberberian@fdic.gov

1.      <u>PURPOSES AND LIMITATIONS</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1      <u>Bank</u>: means the failed Bank, Silicon Valley Bank, closed on Friday March 10, 2023, by the California department of Financial Protection & Innovation to which the FDIC was appointed Receiver.

2.2      <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, House Counsel, employees, and Outside Counsel of Record and their support staffs.

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Receivership: is the Bank Receivership to which the FDIC was appointed as receiver for the Bank.

3.      SCOPE. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively the specific "documents"), shall be subject to this Stipulated Protective Order concerning "Confidential Material" as defined below. The protections conferred by this Stipulated Protective Order cover not only Confidential Material (as defined below) but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties, third parties or their respective counsel that might reveal

2

Confidential Material. This Order is subject, as applicable, to the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to a Party that receives Disclosure or Discovery Material from a Producing Party that the Receiving Party obtained either prior to the disclosure or after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DEFINITION OF CONFIDENTIAL MATERIAL. For purposes of this Stipulated Protective Order, "Confidential Material" shall mean certain documents, records, and information, including electronically composed or stored information in written, electronic, digital, or any other medium (hereinafter "Information"), provided by any Party or non-party pursuant to this Protective Order. Confidential Material includes, but is not limited to, the following:

(a) **Regulatory**: Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including non-public reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Comptroller, or any other federal or state regulatory authority, and any Information containing confidential material obtained from any documents and records related to the supervision or regulation of the Bank. The Parties understand and agree that the release of such regulatory Information may require approval from independent government agencies, and that no regulatory Information, however obtained, will be disclosed to non-parties not covered by this Protective Order.

(b) **Statutory**: Confidential Material includes Information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(8)(A), 12 C.F.R. Part 309.5(g), 12 C.F.R. § 21.11, the laws of the state of California or any other applicable federal or state laws, including consumer nonpublic personal information ("Non-Party Borrower Information") as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations.

(c) **Bank and Bank Customers**. Confidential Material related to the Bank, its employees (*i.e.*, personnel or employment records), its customers, any trading

3

company involved in placing orders for stocks, commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, stock or commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of "Confidential Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, Information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or Information that contain the customer's name, address, social security number, date of birth or other similar identifying Information.

(d) **Receivership**. Confidential Material related to the receivership of the Bank that is non-public, including any Information on loss or estimates of such loss on the Bank's assets not publicly available. Notwithstanding the provisions of paragraph 8(b) below, no such Confidential Material shall be disclosed to any person or entity, including plaintiff or defendants, or any non-party known to have any current or prospective interest in such assets, regardless of whether that person or entity would otherwise be allowed access to Information under the terms of this Protective Order. This subparagraph (d), however, does not prevent such Confidential Material—to the extent same may be produced—from being shared with Party experts or others listed in paragraph 8(b).

(e) **Non-Parties**. Confidential Material produced by independent contractors, outside accountants or auditors (other than Plaintiff or Defendants), or other entities or individuals who performed work for the Bank.

(f) **Trade Secrets and Other Information**. Confidential Material that reveals trade secrets or research, technical, commercial, or financial Information that the Party or non-party that accepts the terms of this Stipulated Protective Order has maintained as confidential through, for example, requiring employees to execute Non-Disclosure Agreements. The definition of a trade secret for purposes of this Stipulated Protective Order includes the definition set forth in 18 U.S.C. § 1839.

(g) **Personally Identifiable Information (PII)**. Confidential Material that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

(h) **Financial, Medical, and Job Search Information of Plaintiff.** Confidential Material includes: Plaintiff's financial information, Plaintiff's health and medical information and Plaintiff's efforts to obtain employment after her termination from the Bank, such as job applications and resumes including communications regarding the same, networking emails and attachments sent or prepared in effort to identify employment opportunities, and communications or documents exchanged with recruiters or job coaches.

4

If any Party or non-party believes that Information not described above should nevertheless be considered as Confidential Material, it may seek a stipulation among the Parties to treat such Information as Confidential Material or it may make an appropriate application to the Court. Such application shall only be granted for good cause shown.  Information that is available to the public or generally known in the industry of the Party may not be designated as Confidential Material. Notwithstanding the foregoing paragraphs (a) through (h), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Confidential Material.

5.    <u>CONFIDENTIAL DESIGNATION AND TREATMENT OF CONFIDENTIAL MATERIAL</u>. Confidential Material provided by a Designating Party pursuant to this Stipulated Protective Order that is deemed and denominated by any Party as "CONFIDENTIAL" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 12 below. Confidential Material may be designated as such by affixing to the material the legend "CONFIDENTIAL." For example, the production media/container for native files or productions may be designated as "CONFIDENTIAL." The failure to designate any Confidential Material with such legend shall not constitute a waiver by any Party of the right to assert that such Information contains or includes protected Confidential Material. In the event that any Party produces Confidential Material without designating it as such, any Party may notify the receiving Parties that the Information should have been designated Confidential Material, and the Parties will treat the Information as Confidential Material under this Protective Order. Confidential Material shall only mean and shall be limited to the Information produced in this Lawsuit marked with a Bates Stamp number or otherwise designated as "Confidential." In the event a Party obtains a duplicate copy of Confidential Material produced in discovery in this Lawsuit from a publicly available source, the Party acquiring the Confidential Material shall not be required to comply with the terms of this Protective Order regarding the use of the duplicate Confidential Material, and the use of such duplicate Confidential Material shall not be subject to the provisions of this Protective Order.

6.     <u>EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION</u>. Each Party who designates Information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7.     <u>DEPOSITIONS</u>. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Material until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Stipulated Protective Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Material, unless otherwise ordered by the Court.

8.     <u>PROTECTION OF CONFIDENTIAL MATERIAL</u>.

(a)     **General Protections**.  Confidential Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. The transmission of

6

Confidential Information between the FDIC in its capacity as Receiver for and other government agencies, including, but not limited to, the FDIC acting in its various other capacities, shall not constitute disclosure for purposes of this Stipulated Protective Order.

(b)      **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Material:

(1)      **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

(2)      **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation. Employees of the following parties: SVB Investment Services, Inc. SVB Wealth, LLC, and First Citizens Bank & Trust Co. shall not review Confidential Material produced by the Plaintiff without signing this Protective Order attached hereto as Exhibit A;

(3)      **The Court and its personnel**;

(4)      **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5)      **Contractor**s. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)      **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)      **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, provided that the witness agrees under oath at the deposition not to disclose the Confidential Material to any third person or entity. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, provided that the witness returns the Confidential Information to the undersigned counsel upon signing the transcript and certifies that all such Confidential Information has been returned. Pages of transcribed deposition

7

testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)   **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)   **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)   **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of three years after the termination of the case.

9.   <u>INADVERTENT FAILURES TO DESIGNATE</u>. An inadvertent failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Material after it was initially produced, on notification of the designation, the Receiving Party must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

10.   <u>FILING OF CONFIDENTIAL MATERIAL</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with applicable local rules.

11.   <u>NO GREATER PROTECTION OF SPECIFIC DOCUMENTS</u>. Except on privilege

grounds not addressed by this Protective Order, no party may withhold Information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

12.1   Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed,

12.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

12.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

9

competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

13.    ACCESS TO AND USE OF PROTECTED MATERIALS

13.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 23 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

14.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION If a Party is served with a subpoena or a court order issued in other litigation

1   that compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

2   that Party must:

3       (a) promptly notify in writing the Designating Party. Such notification shall include a

4   copy of the subpoena or Court order;

5       (b) promptly notify in writing the party who caused the subpoena or order to issue in the

6   other litigation that some or all of the material covered by the subpoena or order is subject to this

7   Protective Order. Such notification shall include a copy of this Order; and

8       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

9   Designating Party whose Protected Material may be affected.

10      If the Designating Party timely seeks a protective order, the Party served with the subpoena

11  or Court order shall not produce any information designated in this action as "CONFIDENTIAL"

12  before a determination by the Court from which the subpoena or order issued, unless the Party has

13  obtained the Designating Party's permission. The Designating Party shall bear the burden and

14  expense of seeking protection in that court of its confidential material – and nothing in these

15  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

16  disobey a lawful directive from another court.

17      15.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

18          THIS LITIGATION

19      (a) The terms of this Protective Order are applicable to information produced by a Non-

20  Party in this action and designated as "CONFIDENTIAL" so long as the non-party executes the

21  acknowledgement attached hereto as Exhibit A to accept the terms of this Stipulated Protective

22  Order. Such information produced by Non-Parties in connection with this litigation is protected by

23  the remedies and relief provided by this Order. Nothing in these provisions should be construed as

24  prohibiting a Non-Party from seeking additional protections.

25      (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

26  Party's confidential information in its possession, and the Party is subject to an agreement with the

27  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

28      (1) promptly notify in writing the Requesting Party and the Non-Party that some or

11

all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

16.     <u>CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED PURSUANT TO CRIMINAL INVESTIGATION AND/OR PROSECUTION</u>. Notwithstanding any other provision of this Protective Order, if a receiving party is served with a warrant, writ, grand jury subpoena, or criminal subpoena, the receiving party shall comply with that warrant, writ, grand jury subpoena, or criminal subpoena without further notification to any other party.

17.     <u>DISCLOSURE OF NON-PARTY BORROWER INFORMATION</u>. To the extent any federal or state law or other legal authority governing the disclosure or use of non-party Information ("Non-Party Borrower Information Law") permits disclosure of such Information pursuant to an order of a court, this Protective Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a producing party or non-party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the Information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the producing Party or non-party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the Information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, producing Parties or non-parties are explicitly prohibited from providing such

notice in the Action; provided, however, that this Order shall not prohibit any producing Party or non-party from contacting any person or entity for any other purpose. Any producing Party or non-party may seek additional orders from this Court that such Party or non-party believes may be necessary to comply with any Non-Party Borrower Information Law.

18.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

19.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

20.   MISCELLANEOUS

20.1   Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

20.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

20.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

21.    <u>RESERVATION OF RIGHTS</u>. Nothing in this Protective Order confers upon the Parties any further right or access to Confidential Material not provided by the other Parties, including but not limited to any Information a Party or non-party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld Information may otherwise qualify as Confidential Material if produced rather than withheld. With respect to Confidential Material requested or produced, each Party reserves its rights under this Protective Order, and otherwise under law. Any Confidential Material withheld on this basis or any other basis must be identified on a privilege log to be provided by the Party or non-party asserting the privilege or other protection within two weeks of the date the Confidential Material would have been produced had it not been privileged or otherwise protected from disclosure.

22.    <u>DURATION.</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a

court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

23.   OBLIGATIONS ON CONCLUSION OF LITIGATION.

(a)   **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)   **Obligations at Conclusion of Litigation**. Within ninety days after dismissal or entry of final judgment not subject to further appeal, all Confidential Material and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)   **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

(d)   **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

24.   ORDER SUBJECT TO MODIFICATION. This Order shall be subject to

15

modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

25. <u>NO PRIOR JUDICIAL DETERMINATION</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

26. <u>NO WAIVER OF PRIVILEGES</u>. Pursuant to Fed. R. Evid. 502(d), the production of Confidential Material that is subject to the attorney-client privilege or the work product doctrine shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. The Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3). The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege and work product doctrine.

In addition, the Parties also agree the production of Confidential Material that is subject to other claimed privileges, doctrines, exemptions, or restrictions that the producing Party or nonparty might cite in good faith as a basis for withholding such Confidential Material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. The Parties acknowledge that Fed. R. Evid. 502(d) pertains only to the attorney-client privilege or the work product doctrine, and does not include these other claimed privileges, doctrines, exemptions, or restrictions. Recognizing this, the Parties intend to treat the production of such privileged information similarly (*i.e.* no waiver), unless the production of the privileged information is completely reckless. With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any

privilege that the Bank may have had or any federal or state regulatory agency may hold.

Furthermore, in the event that a Party or non-party produces attorney-client privileged or work product privileged information, or other information protected by law from disclosure even under a Protective Order, and if the Party or non-party subsequently notifies the receiving Party or non-party that the privileged information should not have been produced, the receiving Party or non-party shall immediately return the originals and all copies of the inadvertently produced privileged Information. If a party withholds any information on the basis of Privilege, it shall provide a categorical privilege log. The Parties agree that the FDIC-R is not required to provide any kind of identification of the documents withheld from production as protected by the Bank Secrecy Act. Nothing in this Protective Order shall prevent the FDIC-R from using any Confidential Material that it produces to any Party or non-party in any of the FDIC's capacities for any lawful purposes.

27.   <u>BINDING EFFECT; ASSIGNMENT</u>. This Protective Order shall be binding upon and inure to the benefit of the Parties and non-parties hereto, their affiliates, their representatives, and their respective successors or assigns. No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

28.   <u>REMEDIES</u>. To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing non-party shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing non-party reserve the right to seek relief from the Court in the Lawsuit for money damages, injunctive relief, or any other relief as appropriate.

29.   <u>NOTICE</u>. All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below or their designated successor counsel of record, if any. Notice shall be sent by overnight delivery or registered or certified mail, return receipt

1  requested, and by e-mail, and shall be considered delivered and effective three days after mailing.

2

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

4          DATED: July 15, 2024

5                                          */s/ Stephen P. Wilkes*
6                                          STEPHEN P. WILKES (SBN 268637)
                                           **THE WAGNER LAW GROUP, P.C.**
7                                          315 Montgomery Street, Suite 900
                                           San Francisco, CA 94104
8                                          Phone: 415-625-0002
                                           Fax: 415-358-8300
9                                          Email: swilkes@wagnerlawgroup.com
                                           JORDAN D. MAMORSKY (*pro hac vice*)
10                                         JOHANNA L. MATLOFF (*pro hac vice*)
                                           125 High Street
11                                         Oliver Street Tower, 5th Floor
                                           Boston, MA 02110
12                                         Phone: 617-357-5200
                                           Fax: 617-357-5250
13                                         Email: jmamorsky@wagnerlawgroup.com
14                                         Email: jmatloff@wagnerlawgroup.com

15

16                                         LINDA J. BERBERIAN (SBN 134344)
17                                         **FDIC Legal Division, Dallas Regional Office**
                                           600 N. Pearl Street, Suite 700
18                                         Dallas, TX 75201
                                           Phone: 972-761-8295
19                                         Fax:  972-761-8181
                                           Email: lberberian@fdic.gov
20

21

22                                         ***Attorneys For Defendant***
                                           Federal Deposit Insurance Corporation as Receiver for
23                                         Silicon Valley Bank

24                                         */s/ Richard E. Condit*
                                           RICHARD E. CONDIT (admitted *pro hac vice*)
25                                         ELLEN EARDLEY (admitted pro hac vice)
                                           CLEVELAND LAWRENCE III (admitted *pro hac vice*)
26                                         ANDREA FORSEE (admitted pro hac vice)
27                                         JANE KIM (SBN 333342)
                                           rcondit@findjustice.com
28                                         eeardley@findjustice.com

18

clawrence@findjustice.com
aforsee@findjustice.com
jkim@findjustice.com

**MEHRI & SKALET PLLC**
2000 K Street, NW, Suite 325
Washington, DC 20006
Tel: (202) 822.5100
Fax: (202) 822.4997

LAURA L. HO (SBN 173179)
lho@gbdhlegal.com
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

*Attorneys for Plaintiff, Jane Leung*

*/s/ Brian H. Newman*
BRIAN H. NEWMAN
bnewman@dykema.com
ROBERT A. HYATT
rhyatt@dykema.com
**DYKEMA GOSSETT LLP**
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Tel: (213) 457-1800
Fax: (213) 457-1850

*Attorneys for Defendants First-Citizens Bank &
Trust Co., SVB Investment Services, Inc., and SVB
Wealth, LLC*

*/s/ Seth Weisburst*
SETH WEISBURST
sweisburst@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
315 Pacific Avenue
San Francisco, California 94111
Tel: (415) 986-5900
Fax: (415) 986-8054

*Attorney for Defendant Greg Becker*

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ John K. Rubiner*
John K. Rubiner
jrubiner@fmglaw.com
**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, 22nd Floor
Los Angeles, CA 90071
Telephone: 213.615.7060
Julie A. Marquis (SBN 178466)
jmarquis@fmglaw.com


Charles J. Shumake (SBN 341318)
Charles.shumake@fmglaw.com
**FREEMAN MATHIS & GARY, LLP**
1010 B Street, Suite 400
San Rafael, California 94901
Telephone: 415.394.9500
Facsimile: 833.317.0293

***Attorneys for Defendant John Longley***

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated: _____        _____
                                       HONORABLE BETH LABSON FREEMAN
                                       U.S. DISTRICT COURT JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of ***Leung v. Federal Deposit Insurance Corporation, as Receiver For Silicon Valley Bank,*** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**[PROPOSED] PROTECTIVE ORDER - 5:24-cv-00337-BLF**

1

## SIGNATURE ATTESTATION

2      This document is being filed through the Electronic Case Filing (ECF) system by attorney

3   Stephen P. Wilkes. By his signature, Mr. Wilkes attests that he has obtained concurrence in the filing

4   of this document from the other signatories.

5

6                                   */s/Stephen P. Wilkes*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] PROTECTIVE ORDER - 5:24-cv-00337-BLF**