UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIRLEY JANE LEUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00337-BLF (VKD)<br><br>**ORDER RE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 86 |

On July 15, 2024, the parties filed a proposed stipulated protective order for the Court's review and signature. Dkt. No. 86. Having reviewed the parties' proposal, the Court requests additional information regarding proposed paragraph 17, "Disclosure of Non-Party Borrower Information." *Id.* at 12. Paragraph 17 provides:

> To the extent any federal or state law or other legal authority governing the disclosure or use of non-party borrower Information ("Non-Party Borrower Information Law") permits disclosure of such Information pursuant to an order of a court, this Protective Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a producing party or non-party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the Information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the producing Party or non-party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action. To the extent that any Non-Party Borrower Information Law requires that any person or

> entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the Information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, producing Parties or non-parties are explicitly prohibited from providing such notice in the Action; provided, however, that this Order shall not prohibit any producing Party or non-party from contacting any person or entity for any other purpose. Any producing Party or non-party may seek additional orders from this Court that such Party or non-party believes may be necessary to comply with any Non-Party Borrower Information Law.

*Id.*

The parties do not identify what "law or other legal authority" governs the disclosure of non-party borrower information, and they do not explain what compliance with such law or legal authority requires. Further, this provision states that the Court "finds" the protections afforded by the parties' proposed order are sufficient such that the obligations that would otherwise apply under the unidentified law or legal authority may be excused and that the notice that would otherwise be required is "explicitly prohibited." *Id.*

Before adopting the parties' proposed protective order, the Court wishes to understand: (1) the specific laws, regulations, and other legal authority to which paragraph 17 refers; (2) on what basis the Court may make the findings or conclusions stated in paragraph 17; and (3) whether the proposed protective order, including paragraph 17, adequately protects the interests of non-party borrowers who would otherwise enjoy the protections afforded by these laws and other legal authority.

The Court requests that the parties file a short supplement memorandum in support of this part of their proposed protective order by **July 30, 2024.**

**IT IS SO ORDERED.**

Dated: July 16, 2024

Virginia K. DeMarchi
United States Magistrate Judge